**IN THE UNITED STATES DISTRACT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

**IN RE THE APPLICATION OF**
**Lucas Nguyen,**
     Petitioner,


v.


**Hoang Nhat Ly Nguyen,**
     Respondent.

Civil Action File No:


**VERIFIED PETITION**
**FOR RETURN OF A CHILD UNDER THE HAGUE**
**CONVENTION AND THE FEDERAL INTERNATIONAL**
**CHILD ABDUCTION REMEDIES ACT**


Petitioner Lucas Nguyen respectfully shows this Court as follows:


## I.  INTRODUCTION


1.  This action is brought by Lucas Nguyen (the "Petitioner"), a citizen of

Germany, to secure the return of his three-year-old son,  Nhat Anh Martin Nguyen

(the "Child"), who was, without Petitioner's consent or acquiescence, wrongfully

removed from Germany and brought to the Clayton County of Georgia by the Child's other, Defendant/Respondent Hoang Nhat Ly Nguyen (the "Respondent").

2. This petition is filed under the Convention on the Civil Aspects of International Child Abduction, done at The Hague on October 25, 1980 (the "Convention"), and the Federal International Child Abduction Remedies Act, 22 U.S.C.S. § 9003(b) ("ICARA"). A copy of the Convention is attached as Exhibit A. The Convention came into effect in the United States of America on July 1, 1988, and has been ratified between among other Contracting States, the United States of American and Germany.

3. The objects of the present Convention are:

  Article 1(a): to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

  Article 1(b): to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

4. The Convention authorizes a federal district court to determine the

2

merits of a claim for the wrongful removal or retention of a child; it does not, however, permit the district court to consider the merits of any underlying custody dispute.

## II. JURISDICTION AND VENUE

5.     This Court has jurisdiction under 22 U.S.C.S. § 9003 (jurisdiction under the Convention) and 28 U.S.C. § 1331 (federal question jurisdiction).

6.     Venue is proper under 22 U.S.C.S. § 9003 and 28 U.S.C. § 1391(b) because the Petitioner believes the child and the Respondent who are subject of this filing are physically within the Atlanta Division of the Northern District of Georgia at 6002 Randy Lane, Ellenwood, GA 30294

## III.    STATEMENT OF FACTS

7.     The Petitioner and the Respondent are the parents of the Child. The Petitioner and the Respondent have never been married but lived together in Düren, Germany prior to the separation on June 2016.

8.     The Petitioner and the Respondent declared to take on custody jointly on August 18, 2014 in Düren, Germany. A copy of Certificate of the joint parental care for father and translation thereof are attached as Exhibit B.

3

9.   On September 22, 2014, the Respondent gave birth to the Child in Düren, Germany. A copy of the Child's birth certificate and a translation thereof are attached as Exhibit C.

10.  The Respondent brought her older son, who not Petitioner's son, when she moved from the Vietnam to Germany on September, 2013. Until the separation on June 2016, the Petitioner, the Respondent, her older son, and the Child lived together at their joint residence at Kölnstrasse 100, Düren, 52351 Germany.

11.  After Separation, the Respondent lived with the Child and her older son. The Petitioner visited the Child once every two weeks. He moved downstairs to the apartment the Respondent lived so that he could take care of the Child. Also, he financially supported € 150 ($ 174. 82) to the Respondent and the Child.

12.  On July 29, 2016, the Respondent wrongfully accused the Petitioner for domestic violence to Office for Children, Young Adults and Families ("OCYF").

13.  On November 14, 2016, the Petitioner was demanded to appear before

4

the OCYF, to prove his innocence.

14. On November 24, 2016, the Respondent moved from Germany to the United States with the Child without the Petitioner's permission.

15. On November 29, 2016, although both the Respondent and the Petitioner were demanded to appear before the OCYF, the Respondent did not appear.

16. Two weeks after she moved, the Petitioner realized that the Respondent moved with the Child to the United States because his bank statement showed that the Respondent paid for flights to Atlanta using his debit card.

17. On the same day, the Petitioner called the airline, and they confirmed the Respondent paid for the flights to Atlanta.

18. During the December, 2016, the Petitioner tried to contact her via e-mail. The Respondent lied that she moved to the Vietnam with the Child, and informed him she would never return to the Germany.

19.  The Respondent abducted the Child from Germany without the Petitioner's permission.

20.  On January 23, 2017, the Petitioner reported the abduction of the Child to the Düren Police Department.

21.  On February 13, 2017, the OCYF issued a letter for the submission to the competent American authorities and if need to the locally competent German Consulate.

22.  On March 1, 2017, the Düren Police Department re-issued the report.

23.  On June 20, 2017, Prosecution of District Aachen in Germany issued a letter regarding Preliminary Proceedings against the Respondent because of the abduction of miners. The letter and the translation thereof are attached as Exhibit D.

24.  The Petitioner believes that the Child has been residing with the Respondent at 6002 Randy Lane, Ellenwood, GA 30294.

25.  On April 4, 2017, the Petitioner submitted the Request for Return for

the Child to the United States Department of State through the German Central Authority. A copy of the Petitioner's Request for Return and a translation thereof are attached as Exhibit E.

## IV.  WRONFUL REMOVAL AND RETENTION OF CHILDREN BY RESPONDENT: CLAIM FOR RELIEF UNDER THE CONVENTION

26.  On November 24, 2016, the Respondent wrongfully removed the Child within the meaning of Article 3 of the Convention.

27.  The Respondent is now and has been wrongfully retaining the Child in the state of Georgia, United States, in violation of Article 3, despite the Petitioner's effort to have the Child return to Germany.

28.  The Petitioner has never acquiesced or consented to the removal of the Child from Germany to United States or to their living outside of Germany.

29.  The Respondent's removal and retention of the Child is wrongful within the meaning of Article 3 of the Convention because:

7

a. It violates Petitioner's rights of custody as established by the German law. The Petitioner has joint custody for the Child under German Law. *See* Exhibit B. The Respondent's removal and retention of the Child violates the Petitioner's right as a physical custodian to determine the Child's place of residence. *See* the Convention, Art. 5(a) (defining "rights of custody" under Article 3 to include "in particular, the right to determine the child's place of residence");

b. At the time of the Child's removal from Germany, the Petitioner was actually exercising his rights of custody within the meaning of Article 3 and 5 of the Convention and, but for the Respondent's removal and retention of the Child, the Petitioner would have continued to exercise those rights, and

c. The Child was born on September 22, 2014 in Germany, and lived there for 26 months. The Germany is the Child's country of habitual residence within the meaning of Article 3 of the Convention immediately before his removal and retention by the Respondent.

30. The Respondent is wrongfully retaining the Child in the State of Georgia, County of Clayton.

31. The Petitioner believes that the Respondent is residing with the Child at 6002 Randy Lane, Ellenwood, GA 30294.

32. The Child is now three (3) years old. The Convention applies to cases where a child under the age of sixteen (16) years has been removed from his or her habitual residence in breach of rights of custody of a petitioner, which the petitioner has been exercising at the time of the wrongful removal or wrongful retention of the child. The Convention applies to the Child.

33. This petition is filed less than one year from the Respondent's wrongful removal of the Child. The Petitioner has never consented or acquiesced to the Respondent's wrongful removal or retention of the Child.

## V.  PROVISONAL REMEDIES
## (22 U.S.C.S § 9004 & THE CONVETION, ARTICLE 16)

34. The Petitioner requests that this Court issue an immediate order

9

restraining the Respondent from removing the Child from the jurisdiction of this Court. The Petitioner also asks that this Court schedule an expedited hearing on the merits of this Petition.

## VI.   ATTORNEY FEES AND COSTS
### (22 U.S.C.S. § 9007)

35.  To date, the Petitioner may incur attorney's fee and cost because of the wrongful retention of the Child by the Respondent.

36. The Petitioner respectfully requests that this Court award him all costs and fees, including transportation costs, incurred to date as required by 22 U.S.C.S. § 9007.

## VII.   NOTICE OF HEARING
### (22 U.S.C.S § 9003(c))

37.  Under 22 U.S.C.S. § 9003(c), the Respondent shall be given notice of these proceedings under the laws governing notice in interstate child custody proceedings.

## VIII.  RELIEF REQUESTED

**WHEREFORE**, the Petitioner respectfully requests the following relief:

a.  An immediate temporary restraining order prohibiting the removal of The Child from the jurisdiction of this Court pending a hearing on the merits of this Verified Complaint;

b.  No person acting in concert or participating with the Respondent shall take any action to remove the Child from the jurisdiction of this Court pending a determination on the merits of the Verified Complaint;

c.  The scheduling of an expedited preliminary injunction hearing on the merits of the Verified Complaint;

d.  An order commanding the Respondent to appear at this hearing with the Child to show cause why the Child has been kept from the Petitioner in violation of German law, and why such other relief requested in the Verified Complaint should not be granted;

e.  Under Federal Rule of Civil Procedure 65, an order that the trial of the action on the merits be advanced and consolidated with the hearing on the Verified Complaint;

f.  A final judgment in the Petitioner's favor establishing that the Child shall be returned to Germany, where the Certificate of the joint parental care was made under German law; and

11

g.  For any such further relief as justice and its cause may require.

Respectfully submitted, this 16th day of November, 2017,

*s/Donald M. Coleman*
Donald M. Coleman
Georgia Bar No. 177450
Atlanta Legal Aid Society
246 Sycamore Street
Suite 120
Decatur, GA 30030
(770) 817-7521
dmcoleman@atlantalegalaid.org

Attorney for Petitioner

## **VERIFICATION**

I am the Petitioner, Lucas Nguyen and I make this verification. The above document is true based on my own personal knowledge.  I declare under penalty of perjury under the laws of the State of Georgia that the foregoing is true and correct.

This 16th day of November, 2017

_____
Lucas Nguyen

## CERTIFICATE OF FONT AND POINT SELECTION

I HEAREBY CERTIFY that the forgoing was prepared in Times New Roman font in 14 point type in compliance with Local Rule 5.1(B).

_s/Donald M. Coleman_
Donald M. Coleman



HCCH
HAGUE CONFERENCE ON
PRIVATE INTERNATIONAL LAW
CONFÉRENCE DE LA HAYE
DE DROIT INTERNATIONAL PRIVÉ

## 28. CONVENTION ON THE CIVIL ASPECTS OF INTERNATIONAL CHILD ABDUCTION[1]

*(Concluded 25 October 1980)*

The States signatory to the present Convention,

Firmly convinced that the interests of children are of paramount importance in matters relating to their custody,

Desiring to protect children internationally from the harmful effects of their wrongful removal or retention and to establish procedures to ensure their prompt return to the State of their habitual residence, as well as to secure protection for rights of access,

Have resolved to conclude a Convention to this effect, and have agreed upon the following provisions --

CHAPTER I -- SCOPE OF THE CONVENTION

### Article 1

The objects of the present Convention are --

a) to secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

b) to ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

### Article 2

Contracting States shall take all appropriate measures to secure within their territories the implementation of the objects of the Convention. For this purpose they shall use the most expeditious procedures available.

### Article 3

The removal or the retention of a child is to be considered wrongful where --

a) it is in breach of rights of custody attributed to a person, an institution or any other body, either jointly or alone, under the law of the State in which the child was habitually resident immediately before the removal or retention; and

b) at the time of removal or retention those rights were actually exercised, either jointly or alone, or would have been so exercised but for the removal or retention.

The rights of custody mentioned in sub-paragraph a) above, may arise in particular by operation of law or by reason of a judicial or administrative decision, or by reason of an agreement having legal effect under the law of that State.

---

[1] This Convention, including related materials, is accessible on the website of the Hague Conference on Private International Law (www.hcch.net), under "Conventions" or under the "Child Abduction Section". For the full history of the Convention, see Hague Conference on Private International Law, *Actes et documents de la Quatorzième session (1980)*, Tome III, *Child abduction* (ISBN 90 12 03616 X, 481 pp.).



Article 4

The Convention shall apply to any child who was habitually resident in a Contracting State immediately before any breach of custody or access rights. The Convention shall cease to apply when the child attains the age of 16 years.

Article 5

For the purposes of this Convention –
a)   "rights of custody" shall include rights relating to the care of the person of the child and, in particular, the right to determine the child's place of residence;
b)   "rights of access" shall include the right to take a child for a limited period of time to a place other than the child's habitual residence.

CHAPTER II – CENTRAL AUTHORITIES

Article 6

A Contracting State shall designate a Central Authority to discharge the duties which are imposed by the Convention upon such authorities.
Federal States, States with more than one system of law or States having autonomous territorial organisations shall be free to appoint more than one Central Authority and to specify the territorial extent of their powers. Where a State has appointed more than one Central Authority, it shall designate the Central Authority to which applications may be addressed for transmission to the appropriate Central Authority within that State.

Article 7

Central Authorities shall co-operate with each other and promote co-operation amongst the competent authorities in their respective States to secure the prompt return of children and to achieve the other objects of this Convention.
In particular, either directly or through any intermediary, they shall take all appropriate measures –
a)   to discover the whereabouts of a child who has been wrongfully removed or retained;
b)   to prevent further harm to the child or prejudice to interested parties by taking or causing to be taken provisional measures;
c)   to secure the voluntary return of the child or to bring about an amicable resolution of the issues;
d)   to exchange, where desirable, information relating to the social background of the child;
e)   to provide information of a general character as to the law of their State in connection with the application of the Convention;
f)   to initiate or facilitate the institution of judicial or administrative proceedings with a view to obtaining the return of the child and, in a proper case, to make arrangements for organising or securing the effective exercise of rights of access;
g)   where the circumstances so require, to provide or facilitate the provision of legal aid and advice, including the participation of legal counsel and advisers;
h)   to provide such administrative arrangements as may be necessary and appropriate to secure the safe return of the child;
i)   to keep each other informed with respect to the operation of this Convention and, as far as possible, to eliminate any obstacles to its application.

CHAPTER III – RETURN OF CHILDREN

Article 8

Any person, institution or other body claiming that a child has been removed or retained in breach of custody rights may apply either to the Central Authority of the child's habitual residence or to the Central Authority of any other Contracting State for assistance in securing the return of the child.
The application shall contain –

a)   information concerning the identity of the applicant, of the child and of the person alleged to have
     removed or retained the child;
b)   where available, the date of birth of the child;
c)   the grounds on which the applicant's claim for return of the child is based;
d)   all available information relating to the whereabouts of the child and the identity of the person with
     whom the child is presumed to be.

The application may be accompanied or supplemented by –
e)   an authenticated copy of any relevant decision or agreement;
f)   a certificate or an affidavit emanating from a Central Authority, or other competent authority of the
     State of the child's habitual residence, or from a qualified person, concerning the relevant law of
     that State;
g)   any other relevant document.

Article 9

If the Central Authority which receives an application referred to in Article 8 has reason to believe that
the child is in another Contracting State, it shall directly and without delay transmit the application to the
Central Authority of that Contracting State and inform the requesting Central Authority, or the applicant,
as the case may be.

Article 10

The Central Authority of the State where the child is shall take or cause to be taken all appropriate
measures in order to obtain the voluntary return of the child.

Article 11

The judicial or administrative authorities of Contracting States shall act expeditiously in proceedings for
the return of children.
If the judicial or administrative authority concerned has not reached a decision within six weeks from the
date of commencement of the proceedings, the applicant or the Central Authority of the requested State,
on its own initiative or if asked by the Central Authority of the requesting State, shall have the right to
request a statement of the reasons for the delay. If a reply is received by the Central Authority of the
requested State, that Authority shall transmit the reply to the Central Authority of the requesting State,
or to the applicant, as the case may be.

Article 12

Where a child has been wrongfully removed or retained in terms of Article 3 and, at the date of the
commencement of the proceedings before the judicial or administrative authority of the Contracting State
where the child is, a period of less than one year has elapsed from the date of the wrongful removal or
retention, the authority concerned shall order the return of the child forthwith.
The judicial or administrative authority, even where the proceedings have been commenced after the
expiration of the period of one year referred to in the preceding paragraph, shall also order the return of
the child, unless it is demonstrated that the child is now settled in its new environment.
Where the judicial or administrative authority in the requested State has reason to believe that the child
has been taken to another State, it may stay the proceedings or dismiss the application for the return of
the child.

Article 13

Notwithstanding the provisions of the preceding Article, the judicial or administrative authority of the
requested State is not bound to order the return of the child if the person, institution or other body which
opposes its return establishes that –
a)   the person, institution or other body having the care of the person of the child was not actually
     exercising the custody rights at the time of removal or retention, or had consented to or
     subsequently acquiesced in the removal or retention; or

b)      there is a grave risk that his or her return would expose the child to physical or psychological harm or otherwise place the child in an intolerable situation.

The judicial or administrative authority may also refuse to order the return of the child if it finds that the child objects to being returned and has attained an age and degree of maturity at which it is appropriate to take account of its views.
In considering the circumstances referred to in this Article, the judicial and administrative authorities shall take into account the information relating to the social background of the child provided by the Central Authority or other competent authority of the child's habitual residence.

Article 14

In ascertaining whether there has been a wrongful removal or retention within the meaning of Article 3, the judicial or administrative authorities of the requested State may take notice directly of the law of, and of judicial or administrative decisions, formally recognised or not in the State of the habitual residence of the child, without recourse to the specific procedures for the proof of that law or for the recognition of foreign decisions which would otherwise be applicable.

Article 15

The judicial or administrative authorities of a Contracting State may, prior to the making of an order for the return of the child, request that the applicant obtain from the authorities of the State of the habitual residence of the child a decision or other determination that the removal or retention was wrongful within the meaning of Article 3 of the Convention, where such a decision or determination may be obtained in that State. The Central Authorities of the Contracting States shall so far as practicable assist applicants to obtain such a decision or determination.

Article 16

After receiving notice of a wrongful removal or retention of a child in the sense of Article 3, the judicial or administrative authorities of the Contracting State to which the child has been removed or in which it has been retained shall not decide on the merits of rights of custody until it has been determined that the child is not to be returned under this Convention or unless an application under this Convention is not lodged within a reasonable time following receipt of the notice.

Article 17

The sole fact that a decision relating to custody has been given in or is entitled to recognition in the requested State shall not be a ground for refusing to return a child under this Convention, but the judicial or administrative authorities of the requested State may take account of the reasons for that decision in applying this Convention.

Article 18

The provisions of this Chapter do not limit the power of a judicial or administrative authority to order the return of the child at any time.

Article 19

A decision under this Convention concerning the return of the child shall not be taken to be a determination on the merits of any custody issue.

## Article 20

The return of the child under the provisions of Article 12 may be refused if this would not be permitted by the fundamental principles of the requested State relating to the protection of human rights and fundamental freedoms.

CHAPTER IV – RIGHTS OF ACCESS

## Article 21

An application to make arrangements for organising or securing the effective exercise of rights of access may be presented to the Central Authorities of the Contracting States in the same way as an application for the return of a child.

The Central Authorities are bound by the obligations of co-operation which are set forth in Article 7 to promote the peaceful enjoyment of access rights and the fulfilment of any conditions to which the exercise of those rights may be subject. The Central Authorities shall take steps to remove, as far as possible, all obstacles to the exercise of such rights.

The Central Authorities, either directly or through intermediaries, may initiate or assist in the institution of proceedings with a view to organising or protecting these rights and securing respect for the conditions to which the exercise of these rights may be subject.

CHAPTER V – GENERAL PROVISIONS

## Article 22

No security, bond or deposit, however described, shall be required to guarantee the payment of costs and expenses in the judicial or administrative proceedings falling within the scope of this Convention.

## Article 23

No legalisation or similar formality may be required in the context of this Convention.

## Article 24

Any application, communication or other document sent to the Central Authority of the requested State shall be in the original language, and shall be accompanied by a translation into the official language or one of the official languages of the requested State or, where that is not feasible, a translation into French or English.

However, a Contracting State may, by making a reservation in accordance with Article 42, object to the use of either French or English, but not both, in any application, communication or other document sent to its Central Authority.

## Article 25

Nationals of the Contracting States and persons who are habitually resident within those States shall be entitled in matters concerned with the application of this Convention to legal aid and advice in any other Contracting State on the same conditions as if they themselves were nationals of and habitually resident in that State.

Article 26

Each Central Authority shall bear its own costs in applying this Convention.

Central Authorities and other public services of Contracting States shall not impose any charges in relation to applications submitted under this Convention. In particular, they may not require any payment from the applicant towards the costs and expenses of the proceedings or, where applicable, those arising from the participation of legal counsel or advisers. However, they may require the payment of the expenses incurred or to be incurred in implementing the return of the child.

However, a Contracting State may, by making a reservation in accordance with Article 42, declare that it shall not be bound to assume any costs referred to in the preceding paragraph resulting from the participation of legal counsel or advisers or from court proceedings, except insofar as those costs may be covered by its system of legal aid and advice.

Upon ordering the return of a child or issuing an order concerning rights of access under this Convention, the judicial or administrative authorities may, where appropriate, direct the person who removed or retained the child, or who prevented the exercise of rights of access, to pay necessary expenses incurred by or on behalf of the applicant, including travel expenses, any costs incurred or payments made for locating the child, the costs of legal representation of the applicant, and those of returning the child.

Article 27

When it is manifest that the requirements of this Convention are not fulfilled or that the application is otherwise not well founded, a Central Authority is not bound to accept the application. In that case, the Central Authority shall forthwith inform the applicant or the Central Authority through which the application was submitted, as the case may be, of its reasons.

Article 28

A Central Authority may require that the application be accompanied by a written authorisation empowering it to act on behalf of the applicant, or to designate a representative so to act.

Article 29

This Convention shall not preclude any person, institution or body who claims that there has been a breach of custody or access rights within the meaning of Article 3 or 21 from applying directly to the judicial or administrative authorities of a Contracting State, whether or not under the provisions of this Convention.

Article 30

Any application submitted to the Central Authorities or directly to the judicial or administrative authorities of a Contracting State in accordance with the terms of this Convention, together with documents and any other information appended thereto or provided by a Central Authority, shall be admissible in the courts or administrative authorities of the Contracting States.

Article 31

In relation to a State which in matters of custody of children has two or more systems of law applicable in different territorial units –

a)    any reference to habitual residence in that State shall be construed as referring to habitual residence in a territorial unit of that State;

b)    any reference to the law of the State of habitual residence shall be construed as referring to the law of the territorial unit in that State where the child habitually resides.

### Article 32

In relation to a State which in matters of custody of children has two or more systems of law applicable to different categories of persons, any reference to the law of that State shall be construed as referring to the legal system specified by the law of that State.

### Article 33

A State within which different territorial units have their own rules of law in respect of custody of children shall not be bound to apply this Convention where a State with a unified system of law would not be bound to do so.

### Article 34

This Convention shall take priority in matters within its scope over the *Convention of 5 October 1961 concerning the powers of authorities and the law applicable in respect of the protection of minors*, as between Parties to both Conventions. Otherwise the present Convention shall not restrict the application of an international instrument in force between the State of origin and the State addressed or other law of the State addressed for the purposes of obtaining the return of a child who has been wrongfully removed or retained or of organising access rights.

### Article 35

This Convention shall apply as between Contracting States only to wrongful removals or retentions occurring after its entry into force in those States.
Where a declaration has been made under Article 39 or 40, the reference in the preceding paragraph to a Contracting State shall be taken to refer to the territorial unit or units in relation to which this Convention applies.

### Article 36

Nothing in this Convention shall prevent two or more Contracting States, in order to limit the restrictions to which the return of the child may be subject, from agreeing among themselves to derogate from any provisions of this Convention which may imply such a restriction.

## CHAPTER VI – FINAL CLAUSES

### Article 37

The Convention shall be open for signature by the States which were Members of the Hague Conference on Private International Law at the time of its Fourteenth Session.
It shall be ratified, accepted or approved and the instruments of ratification, acceptance or approval shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

### Article 38

Any other State may accede to the Convention.
The instrument of accession shall be deposited with the Ministry of Foreign Affairs of the Kingdom of the Netherlands.
The Convention shall enter into force for a State acceding to it on the first day of the third calendar month after the deposit of its instrument of accession.

The accession will have effect only as regards the relations between the acceding State and such Contracting States as will have declared their acceptance of the accession. Such a declaration will also have to be made by any Member State ratifying, accepting or approving the Convention after an accession. Such declaration shall be deposited at the Ministry of Foreign Affairs of the Kingdom of the Netherlands; this Ministry shall forward, through diplomatic channels, a certified copy to each of the Contracting States.

The Convention will enter into force as between the acceding State and the State that has declared its acceptance of the accession on the first day of the third calendar month after the deposit of the declaration of acceptance.

## Article 39

Any State may, at the time of signature, ratification, acceptance, approval or accession, declare that the Convention shall extend to all the territories for the international relations of which it is responsible, or to one or more of them. Such a declaration shall take effect at the time the Convention enters into force for that State.

Such declaration, as well as any subsequent extension, shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

## Article 40

If a Contracting State has two or more territorial units in which different systems of law are applicable in relation to matters dealt with in this Convention, it may at the time of signature, ratification, acceptance, approval or accession declare that this Convention shall extend to all its territorial units or only to one or more of them and may modify this declaration by submitting another declaration at any time.

Any such declaration shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands and shall state expressly the territorial units to which the Convention applies.

## Article 41

Where a Contracting State has a system of government under which executive, judicial and legislative powers are distributed between central and other authorities within that State, its signature or ratification, acceptance or approval of, or accession to this Convention, or its making of any declaration in terms of Article 40 shall carry no implication as to the internal distribution of powers within that State.

## Article 42

Any State may, not later than the time of ratification, acceptance, approval or accession, or at the time of making a declaration in terms of Article 39 or 40, make one or both of the reservations provided for in Article 24 and Article 26, third paragraph. No other reservation shall be permitted.

Any State may at any time withdraw a reservation it has made. The withdrawal shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands.

The reservation shall cease to have effect on the first day of the third calendar month after the notification referred to in the preceding paragraph.

## Article 43

The Convention shall enter into force on the first day of the third calendar month after the deposit of the third instrument of ratification, acceptance, approval or accession referred to in Articles 37 and 38.

Thereafter the Convention shall enter into force –
(1)    for each State ratifying, accepting, approving or acceding to it subsequently, on the first day of the third calendar month after the deposit of its instrument of ratification, acceptance, approval or accession;
(2)    for any territory or territorial unit to which the Convention has been extended in conformity with Article 39 or 40, on the first day of the third calendar month after the notification referred to in that Article.


## Article 44

The Convention shall remain in force for five years from the date of its entry into force in accordance with the first paragraph of Article 43 even for States which subsequently have ratified, accepted, approved it or acceded to it.
If there has been no denunciation, it shall be renewed tacitly every five years.
Any denunciation shall be notified to the Ministry of Foreign Affairs of the Kingdom of the Netherlands at least six months before the expiry of the five year period. It may be limited to certain of the territories or territorial units to which the Convention applies.
The denunciation shall have effect only as regards the State which has notified it. The Convention shall remain in force for the other Contracting States.


## Article 45

The Ministry of Foreign Affairs of the Kingdom of the Netherlands shall notify the States Members of the Conference, and the States which have acceded in accordance with Article 38, of the following –
(1)    the signatures and ratifications, acceptances and approvals referred to in Article 37;
(2)    the accessions referred to in Article 38;
(3)    the date on which the Convention enters into force in accordance with Article 43;
(4)    the extensions referred to in Article 39;
(5)    the declarations referred to in Articles 38 and 40;
(6)    the reservations referred to in Article 24 and Article 26, third paragraph, and the withdrawals referred to in Article 42;
(7)    the denunciations referred to in Article 44.


In witness whereof the undersigned, being duly authorised thereto, have signed this Convention.

Done at The Hague, on the 25th day of October, 1980, in the English and French languages, both texts being equally authentic, in a single copy which shall be deposited in the archives of the Government of the Kingdom of the Netherlands, and of which a certified copy shall be sent, through diplomatic channels, to each of the States Members of the Hague Conference on Private International Law at the date of its Fourteenth Session.

*Translation from German*



**City of**
**Düren**
**Office for children, youth and family**

Düren, 18 August 2014
Register number of certificate: **309/2014**

Certified copy for the father

**Certificate of the joint parental care ( custody declaration of the parents )**

In front of the senior civil servant and authenticator Robert Wirtz

authorised due to Article 59 SGB VIII are present:

| Mrs | | **Nhật Ly** | **Nguyễn Hoàng** |
|---|---|---|---|
| | born on: 31 October 1980 | in: Lâm Đồng, Vietnam | Marital status: divorced |
| resident in | 52349 Düren | Kaiserplatz 1 A | Nationality: Vietnamese |

According to the authenticator Mrs Nguyễn Hoàng is legally competent and has identified with a Vietnamese passport, No. B6381999. Mrs Nguyễn Hoàng does not have a sufficient command of the German language.

| Mr | | **Vũ** | **Nguyễn Anh** |
|---|---|---|---|
| | born on: 8 March 1985 | in: Bắc Ninh, Vietnam | Marital status: single |
| resident in | 52349 Düren | Kaiserplatz 1 A | Nationality: Vietnamese |

According to the authenticator Mr. Nguyễn Anh is legally competent and has identified with a Vietnamese passport, No. N1368702. Mr. Nguyễn Anh has a sufficient command of the German language.

Mr. Tuncay Karabacak, residing in 41749 Viersen, Hindenburgstr. 9 B, identified with a Turkish identity card, No. U 05343152, is consulted as interpreter for the English language. The appearer/s declare/s himself/themselves willing to the consultation of the interpreter.

After they have been informed about the legal consequences of the custody declaration, they declare the following:

As parents of the child which we expect on 26 September 2014, we want to exercise common parental care and custody (acc. to Article 1626 a Section 1 N° 1 BGB) in future. The paternity is valid determined.

We are aware that the custody declaration can be once given and it can be cancelled or changed only by the resolution of the family court.



We assure that until now neither a custody declaration has been given nor a court decision regarding the custody declaration exists.

We are aware that we can decide together a maiden name for our child within a month after the birth.

The report has been read in the presence of the authencitator and been translated orally by the interpreter. The interpreter assures that he has translated faithfully and conscientiously.

Read, approved and signed:

signed Vũ Nguyễn Anh        signed Nhật Ly Nguyễn Hoàng        signed Tuncay Karabacak        signed Robert Wirtz

_____        _____        _____        _____

(stamp of Düren City
51/2 )

The accordance of this copy with the original copy
is certified.

52349 Düren, 18 August 2014

signed  *Robert Wirtz*

_____
Robert Wirtz

_____

Mr.
Vũ Nguyễn Anh
Kaiserplatz 1 A
52349 Düren

The attested copy is sent for information

52349 Düren, 18 August 2014

signed  *Robert Wirtz*

_____
Robert Wirtz

_____

As translator, generally sworn and authorized by the president of the supreme court of Cologne, Federal Republic of Germany, I certify: the above translation is accurate and complete.
Köln, 2 March 2017

*[signature]*

M.A. Pham Anh Tuan
(3162-1045/7)

*[round stamp: Für das Gebiet des Landes Nordrhein-Westfalen · beeidigter Dolmetscher & Übersetzer · für die Vietnamesische Sprache]*

Fon  0049 - 221 - 9230341
Cell  0049 - 172 - 2768183
E-Mail: tuanvantim@yahoo.de
D - 50968 Köln / Germany

 **Stadt Düren**
Jugendamt

Düren, den 18.08.2014
Urkundsregisternummer: **309/2014**

Beglaubigte Abschrift für den Vater

**Urkunde über die gemeinsame elterliche Sorge (Sorgeerklärung der Eltern)**

Vor der nach § 59 SGB VIII ermächtigten Urkundsperson Stadtamtmann Robert Wirtz erscheinen:

| Frau | | Nhat Ly | Nguyen Hoang |
|---|---|---|---|
| | geboren am: 31.10.1980 | in: Lam Dong/Vietnam | Familienstand: geschieden |
| wohnhaft in: | 52349 Düren | Kaiserplatz 1 A | Staatsangehörigkeit: vietnamesisch |

Frau Nguyen Hoang ist nach Überzeugung der Urkundsperson geschäftsfähig und hat sich ausgewiesen durch vietnamesischen Reisepass, Nr. B6381999. Frau Nguyen Hoang ist der deutschen Sprache nicht ausreichend mächtig.

| Herr | | Vu | Nguyen Anh |
|---|---|---|---|
| | geboren am: 08.03.1985 | in: Bac Ninh/Vietnam | Familienstand: ledig |
| wohnhaft in: | 52349 Düren | Kaiserplatz 1 A | Staatsangehörigkeit: vietnamesisch |

Herr Nguyen Anh ist nach Überzeugung der Urkundsperson geschäftsfähig und hat sich ausgewiesen durch vietnamesischen Reisepass, Nr. N1368702. Herr Nguyen Anh ist der deutschen Sprache ausreichend mächtig.

Als Dolmetscher für die englische Sprache wird hinzugezogen: Herr Tuncay Karabacak, wohnhaft in 41749 Viersen, Hindenburgstr. 9 B, ausgewiesen durch türkischen Personalausweis, Nr. U 05343152. Der/die Erschienene/n erklärt/erklären sich mit der Hinzuziehung des Dolmetschers einverstanden.

Nachdem sie über die Rechtsfolgen der Sorgeerklärung belehrt wurden, erklären sie folgendes:

Als Eltern des Kindes, das wir am **26.09.2014** erwarten,
wollen wir künftig die elterliche Sorge (gem. § 1626 a Abs.1 Nr.1 BGB) gemeinsam ausüben.
Die Vaterschaft ist rechtswirksam festgestellt.

Uns ist bekannt, dass die Sorgeerklärung nur einmal abgegeben und nur durch Beschluss des Familiengerichtes aufgehoben oder geändert werden kann,
Wir versichern, dass bislang weder eine Sorgeerklärung abgegeben wurde, noch eine gerichtliche Entscheidung über das Sorgerecht vorliegt.
Uns ist bekannt, dass wir innerhalb eines Monats nach Geburt unseres Kindes den Geburtsnamen gemeinsam bestimmen können.

Die Niederschrift wurde in Gegenwart der Urkundsperson verlesen und durch den Dolmetscher mündlich übersetzt. Der Dolmetscher versichert, dass er treu und gewissenhaft übersetzt hat.

Vorgelesen, genehmigt und unterschrieben:

gez. Vu Nguyen Anh          gez. Nhat Ly Nguyen Hoang          gez. Tuncay Karabacak          gez. Robert Wirtz

Die Übereinstimmung dieser Abschrift mit der Urschrift wird beglaubigt.

52349 Düren, 18.08.2014

Robert Wirtz

Die beglaubigte Abschrift wird zur Kenntnisnahme übersandt.

52349 Düren, 18.08.2014

Herrn
Vu Nguyen Anh
Kaiserplatz 1 A
52349 Düren

Robert Wirtz

beeidigter
Dolmetscher
&
Übersetzer

<u>Translation from German</u>

**Birth certificate**

It is only valid for pregnancy and maternity

| | |
|---|---|
| Registry office | Düren |
| Register number | G 1382/2014 |

**Child**

| | |
|---|---|
| Birth name | Nguyễn |
| First name | Nhật Anh Martin |
| Sex | Male |
| Birthday | 22 September 2014 |
| Birthplace | Düren |

**Mother**

| | |
|---|---|
| Family name Birth name | Nguyễn |
| First name | Hoàng Nhật Ly |

**Father**

| | |
|---|---|
| Family name Birth name | Nguyễn |
| First name | Anh Vũ |

| | |
|---|---|
| Place, date | Düren, 24 September 2014 |

| | |
|---|---|
| Notary | _____ (Stamp of the registry office of Düren) |
| | (Valder, registrar) |

As translator, generally sworn and authorized by the president of the supreme court of Cologne, Federal Republic of Germany, I certify: the above translation is accurate and complete.
Köln, 30 March 2017

M.A. Pham Anh Tuan
(3162-1045/7)

Fon  0049 - 221 - 9230341
Cell  0049 - 172 - 2768183
E-Mail: tuanvantim@yahoo.de
D - 50968 Köln / Germany

EXHIBIT C

## Geburtsurkunde

Gilt nur für die Hilfe bei Schwangerschaft und Mutterschaft

Standesamt    Düren

Registernummer   G 1382/2014

---

**Kind**

Geburtsname    Nguyễn

Vorname(n)    Nhật Anh Martin

Geschlecht    männlich

Geburtstag    22.09.2014

Geburtsort    Düren

**Mutter**

Familienname    Nguyễn

Geburtsname

Vorname(n)    Hoàng Nhật Ly

**Vater**

Familienname    Nguyễn

Geburtsname

Vorname(n)    Anh Vũ

---

Ort, Tag    Düren, 24.09.2014

Urkundsperson    (Valder, Standesbeamter)

Verlag für Standesamtswesen GmbH, Frankfurt am Main · Berlin 2013



**Prosecution Aachen**



Prosecution Aachen, post office 10 17 16, 52017 Aachen

Mr
Lucas Nguyen
Kölnstr. 100
52351 Düren

Date: 20 June 2017
Page 1 of 1
File reference:
**703 JS 282/17**
(please indicate when answering)
Tel. 0241 9425 - 52143

**Preliminary Proceedings against Nhat Ly Nguyen Hoang**

Your writing of 16 May 2017

Dear Mr Nguyen,
With this it is confirmed that the prosecution Aachen has instituted
a preliminary proceeding against Nhat Ly Nguyen Hoang, born 31
October 1980 in Lam Dong/Vietnam, currently residing USA-5313
Sapphire CIR, Ellenwood GA 30294-3582, because of the abduction
of miners (§ 235 of the Penal Code) to the detriment of the child
Nhat Anh Martin Nguyen, born 22 September 2014 in Aachen. You
can present the writing as a confirmation. A direct communication
or the like to authorities of the USA is not made by the prosecution.

Yours sincerely
signed
(Wagner-Schlömer)
District attorney

Home and delivery address
- Justice Center Aachen -
Adalbertsteinweg 92
52070 Aachen
Tel. 0241 9425 - 0
Fax 0241 9425 - 80106
www.sta-aachen.nrw.de
Office hours: Mon-Fri 8:30-12 a.m,
Mo-Thu 2-3 p.m & Fri 2-2:30 p.m
Public transport: ASEAG, inter alia
line 12, 23, 55 to Josefskirche/
Justice center

Bank details: District Aachen
-paying agent-, German federal
bank, IBAN: DE163000000000
30001570, BIC: MARKDEF1300

As translator, generally sworn and authorized by the president of the
supreme court of Cologne, Federal Republic of Germany, I certify:
the above translation is accurate and complete.
Köln, 5 July 2017

*(signature)*

beeidigter
Dolmetscher
&
Übersetzer
Fon 0049-221-9230341
Cell/ 0049-172-2768183
E-Mail: tuanvantim@yahoo.de
D - 50968 Köln / Germany

M.A. Pham Anh Tuan (OLG/K-3162-1045/7)

**EXHIBIT D**

**Staatsanwaltschaft Aachen**



Staatsanwaltschaft Aachen, Postfach 10 17 16, 52017 Aachen

Herrn
Lucas Nguyen
Kölnstr. 100
52351 Düren

Datum: 20.06.2017
Seite 1 von 1

Aktenzeichen:
703 Js 282/17
(bei Antwort bitte angeben)

Telefon   0241 9425 - 52143

**Ermittlungsverfahren gegen Nhat Ly Nguyen Hoang**

Ihr Schreiben vom 16.05.2017

Sehr geehrter Herr Nguyen,

hiermit wird Ihnen bestätigt, dass die Staatsanwaltschaft Aachen ein
Ermittlungsverfahren gegen die Nhat Ly Nguyen Hoang, geboren
31.10.1980 in Lam Dong/Vietnam, zur Zeit wohnhaft USA-5313
Sapphire CIR, Ellenwood GA 30294-3582 wegen Entziehung Minder-
jähriger (§ 235 des Strafgesetzbuches) zum Nachteil des Kindes Nhat
Anh Martin Nguyen, geboren am 22.09.2014 in Aachen. Das Schreiben
können Sie als Bestätigung vorlegen. Eine direkte Mitteilung oder ähn-
liches an Behörden der USA erfolgt seitens der Staatsanwaltschaft
nicht.

Hochachtungsvoll

(Wagner-Schlömer)
Staatsanwältin

Haus- und Lieferanschrift:
- Justizzentrum Aachen -
Adalbertsteinweg 92
52070 Aachen
Telefon   0241 9425 - 0
Telefax   0241 9425 - 60106
www.sta-aachen.nrw.de

Sprechzeiten: Mo - Fr 08:30 -
12:00, Mo - Do 14:00 - 15:00
und Fr 14:00 - 14:30 Uhr

Öffentliche Verkehrsmittel:
ASEAG, u.a. Linien 12, 23, 55
bis Josefskirche/Justizzentrum

Bankverbindung: Amtsgericht
Aachen – Zahlstelle -,
Deutsche Bundesbank
IBAN:
DE16300000000030001570
BIC: MARKDEF1300



# Request for Return

Hague Convention of 25 October 1980 on the Civil Aspects of International Child Abduction

| REQUESTING CENTRAL AUTHORITY OR APPLICANT | REQUESTED AUTHORITY |
|---|---|
| | |

Concerns the following child:    NHẬT ANH MARTIN, NGUYỄN

who will attain the age of 16 on:    22.09.2030

Note: The following particulars should be completed insofar as possible.

## I.    IDENTITY OF THE CHILD AND ITS PARENTS
1.    Child

| | |
|---|---|
| name and first names | NGUYỄN, NHẬT ANH MARTIN |
| sex              female          male X | |
| date and place of birth | 22.09.2014 IN DÜREN – NORDHREIN WESTFALEN - GERMANY |
| nationality | GERMAN |
| habitual residence before removal or retention | KÖLNSTR.100 – 52351 - DÜREN |
| passport or identity card No, if any | HE HAS TWO PASSPORT: G0368222  AND  G0367927 |
| description and photo, if possible (see annexes) | I GIVE YOU THE PICTURES |

2.    Parents

2.1    Mother

| | |
|---|---|
| name and first names | NGUYỄN, HOÀNG NHẬT LY |
| date and place of birth | 31.10.1980 IN LÂM ĐỒNG – VIỆTNAM |
| nationality | VIENAMESE |
| occupation | HOUSEWIFE |
| habitual residence | KÖLNSTR. 100 – 52351 – DÜREN – NORDHREIN WESTFALEN - GERMANY |
| passport or identity card No, if any | PASSPORT: B6381999 |

 

EXHIBIT E

2.2    Father

| name and first names | NGUYỄN, ANH VŨ |
|---|---|
| date and place of birth | 08.03.1985 – DINH BANG – VIETNAM |
| nationality | GERMAN |
| occupation | COLLEGE STUDENT OF TECHNOLOGY ARTS SCIENCE COLOGNE / INFORMATION SCIENTIST |
| habitual residence | KÖLNSTR. 100 – 52351 – DÜREN |
| passport or identity card No, if any | PASSPORT C76CH0GT |

2.3    Date and place of marriage

| NOT MARIED |
|---|

## II.    REQUESTING INDIVIDUAL OR INSTITUTION
3.    (who actually exercised custody before the removal or retention)

| name and first names | NGUYỄN, ANH VŨ |
|---|---|
| nationality of individual applicant | GERMAN |
| occupation of individual applicant | COLLEGE STUDENT OF TECHNOLOGY ARTS SCIENSE COLOGNE / INFORMATION SCIENTIST |
| address | KÖLNSTR. 100 – 52351 – DÜREN |
| passport or identity card No, if any | PASSPORT C76CH0GT |
| relation to the child | BIOLOGICAL FATHER |
| name and address of legal adviser, if any | |

## III.    PLACE WHERE THE CHILD IS THOUGHT TO BE
4.1    Information concerning the person alleged to have removed or retained the child

| name and first names | NGUYỄN, HOÀNG NHẬT LY |
|---|---|
| date and place of birth, if known | 31.10.1980  - LÂM ĐỒNG - VIETNAM |
| nationality, if known | VIETNAMESE |
| occupation | HOUSEWIFE |
| last known address | KÖLNSTR. 100 – 52351 – DÜREN |
| passport or identity card No, if any | PASSPORT: B6381999 |
| description and photo, if possible (see annexes) | I GIVE YOU THE PICTURE OF HER |

4.2    Address of the child

in 5313 Sappire Cir, Ellenwood, Georgia 30294-3582 OR  in 6002 Randy In, Ellenwood, Georgia 30294

4.3    Other persons who might be able to supply additional information relating to the whereabouts of the child

I have found out my son in 5313 Sappire Cir, Ellenwood, Georgia 30294-3582 Or in 6002 Randy In, Ellenwood, Georgia 30294. He older brother Tuan Kiet, Huu Pham (born 06.10.2009) atteds primary School  Thurgood Marshall Elementary School 5885 Maddox Rd, Morrow, GA 30260, USA.

## IV.    TIME, PLACE, DATE AND CIRCUMSTANCES OF THE WRONGFUL REMOVAL OR RETENTION

On 24.11.2016 she kidnapped the children to USA, before she was determined by Police Düren  for forgery of documents and Kidnapping( her older Son was abducted from Vietnam to Germany). Six months ago, I found the truth, that she make all forgery of Documents so as Custody and recognition with her husband in Vietnam. Itold her, I would like to contact with your husband, to see your son with him again. She said to me to give her a little time, but she used this time to apple a visa to USA.

She has flown from Frankfurt am Main Airport to Atlanta. To first they lived in 5313 Sappire Cir, Ellenwood, Georgia 30294-3582, then they lived in 6002 Randy In, Ellenwood, Georgia 30294. She bought a house there.

## V.    FACTUAL OR LEGAL GROUNDS JUSTIFYING THE REQUEST

She has kidnapped my son, She blocked all the contacts from me to my son, just like she did before with her husband in Vietnam last three years. She would like to USA and choice me for a German stay and then she applies a visa to USA, She fled from Germany!

## VI.    CIVIL PROCEEDINGS IN PROGRESS

I would like, Ms. Nguyen, Hoang Nhat Ly is delivered back to Germany. She must stand before the German court, or be punished. The Custody of her to my son must be take way.

Within two years she has kidnapped two children, and kept falsifying the documents.

During the investigation please do not let her leave the USA. It would be very possible to change the identity in Vietnam and therefore very difficult for me to find my son again

## VII.   CHILD IS TO BE RETURNED TO

a)

| name and first names | NGUYỄN, ANH VŨ |
|---|---|
| date and place of birth | 08.03.1985 – DINH BANG – VIETNAM |
| address | KÖLNSTR. 100 – 52351 – DÜREN – NORDRHEIN WESTFALEN - GERMANY |
| telephone number | +49 176 37383989 oder +49 174 8156666 |

b)   proposed arrangements for return of the child

My son has to go back to Germany. I do not want to deal with her anymore. Before I tried several times to arrange.

The mother must be taken before the court for the acts as minors kidnapping and forgery documents

## VIII.   OTHER REMARKS

## IX.   LIST OF DOCUMENTS ATTACHED1)

Date: _____04.04.2017_____

Place: _____DÜREN_____

Signature and/or stamp of the requesting Central Authority or
applicant

---

1)   e. g. Certified copy of the relevant decision or agreement concerning custody or access; certificate or affidavit as to the applicable law;
information relating to the social background of the child; authorisation empowering the Central Authority to act on behalf of applicant.

German

# Antrag auf Rückgabe

Haager Übereinkommen vom 25. Oktober 1980 über die zivilrechtlichen Aspekte internationaler Kindesentführung

| ERSUCHENDE ZENTRALE BEHÖRDE ODER ANTRAGSTELLER | ERSUCHTE BEHÖRDE |
|---|---|
| Bundesamt für Justiz<br>Referat II – 3/Zentrale Behörde<br>(Internationale Sorgerechtskonflikte)<br>Adenauerallee 99 – 103<br>53113 - Bonn | |

Betrifft das Kind:          NHẬT ANH MARTIN, NGUYỄN

das das 16. Lebensjahr vollendet am:          22.09.2030

Anmerkung: Die folgenden Felder sollen so ausführlich wie möglich ausgefüllt werden.

## I.    IDENTITÄT DES KINDES UND SEINER ELTERN
### 1.    Kind

| Name und Vornamen | NGUYỄN, NHẬT ANH MARTIN |
|---|---|
| Geschlecht        weiblich        männlich X | |
| Geburtsdatum und -ort | 22.09.2014 IN DÜREN – NORDRHEIN WESTFALEN |
| Staatsangehörigkeit | DEUTSCHE |
| Gewöhnlicher Aufenthaltsort vor dem Verbringen oder Zurückhalten | KÖLNSTR. 100 – 52351 - DÜREN |
| Nummer des Reisepasses oder Personalausweises, falls vorhanden: | ER HAT ZWEI REISEPÄSSE: G0368222 UND G0367927 |
| Personenbeschreibung und wenn möglich Lichtbild (siehe Anlagen) | Ich füge einige Bilder dabei. |

### 2.    Eltern
### 2.1    Mutter

| Name und Vornamen: | NGUYỄN, HOÀNG NHẬT LY |
|---|---|
| Geburtsdatum und -ort | 31.10.1980 IN LÂM ĐỒNG – VIETNAM |
| Staatsangehörigkeit | VIETNAMESE |
| Beruf | HAUSFRAU |
| Gewöhnlicher Aufenthalt | KÖLNSTR. 100 – 52351 – DÜREN |
| Nummer des Reisepasses oder Personalausweises, falls vorhanden | REISEPASSNUMMER: B6381999 GÜLSTIG BIS 02.03.2022 |

2.2   Vater

| Name und Vornamen | NGUYÊN, ANH VŨ |
|---|---|
| Geburtsdatum und -ort | 08.03.1985 – DINH BANG – VIETNAM |
| Staatsangehörigkeit | DEUTSCHE |
| Beruf | STUDENT VON TH KÖLN / INFORMATIKER |
| Gewöhnlicher Aufenthalt | KÖLNSTR. 100 – 52351 – DÜREN |
| Nummer des Reisepasses oder Personalausweises, falls vorhanden | REISEPASSNUMER: C764CH0GT GÜLTIG BIS 02.11.2028 |

2.3   Datum und Ort der Eheschließung

KEINE - wir sind nicht verheiratet.

## II.   ANTRAGSTELLENDE PERSON ODER BEHÖRDE
3.   (die das Sorgerecht vor dem Verbringen oder Zurückhalten tatsächlich ausgeübt hat)

| Name und Vornamen | NGUYÊN, ANH VŨ |
|---|---|
| Staatsangehörigkeit des Antragstellers (falls natürliche Person) | DEUTSCHE |
| Beruf des Antragstellers (falls natürliche Person) | STUDENT VON TH KÖLN / INFORMATIKER |
| Anschrift | KÖLNSTR. 100 – 52351 – DÜREN |
| Nummer des Reisepasses oder Personalausweises, falls vorhanden | REISEPASSNUMMER: C764CH0GT |
| Beziehung zum Kind | LEIBLICHER VATER |
| Name und Anschrift des Rechtsanwalts, falls vorhanden | |

## III.   ORT, AN DEM SICH DAS KIND VERMUTLICH BEFINDET
4.1   Angaben über die Person, die das Kind angeblich verbracht oder zurückgehalten hat

| Name und Vornamen | NGUYÊN, HOÀNG NHẬT LY |
|---|---|
| Geburtsdatum und -ort, falls bekannt | 31.10.1980  - LÂM ĐÔNG - VIETNAM |
| Staatsangehörigkeit, falls bekannt | VIETNAMESE |
| Beruf | HAUSFRAU |
| Letzte bekannte Anschrift | KÖLNSTR. 100 – 52351 – DÜREN |
| Nummer des Reisepasses oder Personalausweises, falls vorhanden | REISEPASS B6381999 |
| Personenbeschreibung und wenn möglich Lichtbild (siehe Anlagen) | ICH FÜGE EINEIGE BILDER DABEI |

4.2    Anschrift des Kindes

in 5313 Sapire Cir, Ellenwood, Georgia 30294-3582 ODER in 6002 Randy In, Ellenwood, Georgia 30294

4.3    Andere Personen, die in der Lage sein könnten, zusätzliche Angaben über den Aufenthaltsort des Kindes zu machen

Ich habe die Spur von meinem Sohn in 5313 Sapire Cir, Ellenwood, Georgia 30294-3582 ODER in 6002 Randy In, Ellenwood, Georgia 30294. Und sein älterer Bruder Tuan Kiet, Huu Pham (geb. 06.10.2009)besucht Schule Thurgood Marshall Elementary School 5885 Maddox Rd, Morrow, GA 30260, USA

## IV.    ZEITPUNKT, ORT, DATUM UND UMSTÄNDE DES WIDERRECHTLICHEN VERBRINGENS ODER ZURÜCKHALTENS

Am 24. 11.2016 hat sie die Kinder nach USA entführt. Bevor sie wurde von Polizei Düren ermittelt wegen Urkundenfälschung und Minderjähriger Entführung (Ihr älterer Sohn wurde von Vietnam nach Deutschland entführt). 6 Monaten davor habe ich die Wahrheit herausgefunden, dass sie alle Urkunden und Sorgerecht mit Ihrem Mann in Vietnam als gefälscht. Ich sagte, dass ich mit Ihrem Mann kontaktieren würde, Um Ihren Mann seinen Sohn wiederzusehen. Sie sagte mir, dass ich ihr bisschen Zeit gibt. Aber sie nutztet diese Zeit um Visum nach USA zu beantragen. Staft ich nicht wusste, dass sie nach USA geflogen haben. Ich habe ganze Zeit gesucht, dann habe ich zufällig die Abbuchung von dem Reisebüro gefunden. Dann rief ich nach dem Reisebüro an, zu fragen. Die Person da sagte mir, dass sie in Flughafen Frankfurt am Main nach Atlanta geflogen haben.... usw. Ich habe danach mit Ihrem Mann in Vietnam kontaktiert und versuche auch mit Freundkreis zu kontaktieren. Danach habe ich die Anschrift und die Schule von Ihrem älterem Sohn herausgefunden.

## V.    TATSÄCHLICHE ODER RECHTLICHE GRÜNDE, DIE DEN ANTRAG RECHTFERTIGEN

Sie hat meinen Sohn entführt, und sie hat alle Kontakte von mir zu dem Kind abgebrochen, genau wie sie machte vorher mit Ihrem Mann in Vietnam. Sie hat mich betrogen und alle Urkunden sind gefälscht. Sie möchte nach USA, und hat mich gewählt für erste Schrift in Ihrem Plan. Nachdem Sie deutschen Aufenthalt hat, dann beantragte sie in Geheim Visa nach USA.

Ich möchte meinen Sohn nach Deutschland zurückholen!

## VI.    ANHÄNGIGE ZIVILVERFAHREN

Ich möchte Frau Nguyen, Hoang Nhat Ly  zurück nach Deutschland ausgeliefert werden, und muss vor dem Deutschen Gericht stehen, bzw. bestraft werden muss. Das Sorgerecht zu meinem Sohn muss weggenommen werden!!!

Innerhalb von zwei Jahren hat sie zwei Kinder entführt, und machte immer weiter die Urkunde gefälscht!!

Bitte in der Ermittlungszeit darf Frau Nguyen, Hoang Nhat Ly keinen Fall nach Ausland ausreisen. Sie muss den Abstand mit den Kindern halten! Ich nehme die Haftung für zwei Kinder!!!

## VII. DAS KIND IST ZURÜCKZUGEBEN AN

a)

| | |
|---|---|
| Name und Vornamen | NGUYÊN, ANH VŨ |
| Geburtsdatum und –ort | 08.03.1985 – DINH BANG – VIETNAM |
| Anschrift | KÖLNSTR. 100 – 52351 – DÜREN - NORDRHEIN WESTFALEN - DEUTSCHLAND |
| Telefonnummer | 0176 37383989 oder 0174 8156666 |

b)   Vorschläge, wie die Rückgabe des Kindes durchgeführt werden soll

Mein Sohn muss jeden Fall nach Deutschland zurückkommen. Ich möchte nicht mehr mit Ihr vereinbaren. Vorher habe ich mehr Mals versucht zu vereinbaren.

Die Mutter muss vor dem Gericht betraft werden für die Täte als Minderjähriger Entführung und Urkundenfälschung!

## VIII. SONSTIGE BEMERKUNGEN

## IX. VERZEICHNIS DER BEIGEFÜGTEN SCHRIFTSTÜCKE[1]

Datum: _____ 04.04.2017 _____

Ort: _____ DÜREN _____

Unterschrift und/oder Siegel der ersuchenden Zentralen Behörde oder des Antragstellers

[1] z. B. beglaubigte Ausfertigung einer für die Sache erheblichen Entscheidung oder Vereinbarung über das Sorgerecht oder das Recht auf persönlichen Umgang; Bescheinigung oder eidesstattliche Erklärung (Affidavit) über das anzuwendende Recht; Auskunft über die soziale Lage des Kindes; Vollmacht für die Zentrale Behörde, für den Antragsteller tätig zu werden.